Thank you for coming in early. Please approach the podium and tell us who you are and who you represent. Good morning. Zane Smith on behalf of the Appalachian Road America Automotive, Tyreek Alhindi and Azam Alhindi. Daniel McKnight on behalf of the Allstate Insurance Company, Plaintiff FLE. I don't know if you were here when we first started a few minutes ago. Again, thank you for being early. Each side is about 15 minutes. We have another argument after this one. So we'd appreciate it if you could try and stick to those time constraints. We've read the briefs. We've read the pertinent portions of the record, all the cases. And so we'd ask you to get to your strongest point first. Anytime you're ready, Mr. Smith. Thank you. May it please the Court, there are two main focuses in our brief, as I'm sure the panel knows. The first issue is Road America Automotive is a corporation and Azam Alhindi. Those two defendants are in the first part of our argument in the appeal. And then I'll turn and discuss Tyreek Alhindi as a defendant in this case. As the panel well knows, this case comes before you because there was a default judgment entered against all three defendants, the corp and the two, Azam Alhindi and Tyreek Alhindi. And that that judgment, we believe, is void because of the reasons set forth in our appeal. First of all, in regards to Road America versus Azam Alhindi, the reason that my clients are in this mess is because of the incompetence of prior counsel. There was an issue with his inability to represent the defendants and was unable to provide the kind of representation that resulted in compliance with the discovery rules. And who do we hold that against? The response would be to the lawyer. And who do we hold that against? Yes, I understand that. The problem that becomes when, after the subsequent law firm, my law firm, we filed the 214-01 and we presented defenses to the court that should have allowed them to void this default judgment and allow the parties to present the evidence and to try this case on its merits rather than default. As far as Road America and Azam is concerned, there's no question that we filed an appearance. There's no question that the counsel filed pleadings on behalf of those defendants. Where the underlying court made an error, as contained in our briefs, is the issue and the question of whether or not there were reasonable defenses to support the 214-01 petition. In particular, the default was as a result of a failure of our client to have any knowledge that the default judgment had even been entered. Mr. Kuhl, who was the previous attorney, basically abandoned the case. As a result of his abandonment, the default judgment was entered. Immediately upon knowledge of this default, as soon as within 30 days of the knowledge of the clients, Road America and Azam, immediately upon their knowledge that there had been a default entered, they retained new counsel who filed a 214-01 petition and asked the judgment to be vacated. The panel's focus, of course, will be on, well, you are stuck with whatever lawyer you have, and you have to live with whatever actions your attorney. However, the law does provide that where the court has discretion, that it should lean toward and fall on the side of litigating cases on their merits, not because of technical insufficiencies on the part of incompetent counsel. So we believe, and our position is, is that the default judgment entered against Road America and Azam must and should be vacated. Counsel, on the other side, points out that at no time was any meritorious defense raised, even by you, in the trial court or in the 14-01 petition, as to how it is that Road America could possibly prevail should this case be sent back. Well, we obviously completely disagree with that. The 14-01 petition refers to the meritorious defenses of the basic cases is that this towing company, which is the defendants, overcharged the beneficiaries of all state insurance. The question is not whether they overcharged, but whether or not they were overcharging illegally, because they are allowed to charge at a market rate except for specific towing fees, which are regulated by the state. The fees that are issued were not the towing fees. They were the cleanup fees, the storage fees, the other fees that were unregulated. So the meritorious defense was we didn't violate any laws. We, as a matter of fact, we towed all in compliance with the laws, and had we had the opportunity to present that defense, we would have prevailed, or at least we had a meritorious defense to prevail. All of that is, all those allegations are set out in your 214-01? They are not set out in detail, but the allegation that we have a meritorious defense is the court would not allow, would not entertain any further evidence as to what those meritorious defenses were, because we were cut off. We weren't allowed to actually present what those defenses would be. How do we know what the defenses are if they're not set out in the petition or in an affidavit that is appended to the petition? Well, because if we represent that there are meritorious defenses, and there is no suggestion or argument on the other side that there was not, because if you'll note that the Allstate in this case only raised the lack of a meritorious defense at the appellate level, not at the underlying level, if there's no evidence to the contrary that we did have a meritorious defense, we should prevail. We should have at least had the opportunity to make the argument as to what those meritorious defenses were, and we were not allowed to do so. I now turn to Tariq. Tariq's situation is very different. There is no evidence in the record that there was ever a summons issued against Tariq individually, that there was ever a summons served against Tariq individually. There's no general appearance. There is no appearance whatsoever in even an implied appearance on behalf of Tariq in this case. The only possible argument that Tariq should have been subjected to personal jurisdiction in this case is that he somehow impliedly authorized Mr. Kuhl to represent him in an individual capacity in this case, and there is nothing in the record to indicate that. And the failure to issue a summons and the failure to serve a summons renders the judgment against Tariq void and ab initio. It is a judgment that cannot stand in the absence of personal jurisdiction. Well, page 90 of your reply brief, you point out that you concede, Senator 2301, a party must assert an objection to personal jurisdiction to the court prior to filing a motion or other response of pleading in order to preserve that defense. And you conceded that Kuhl filed pleadings which happened to contain Tariq's name within the caption, and also you concede that in the motion to dismiss, Kuhl filed, he did not assert a personal jurisdiction defense. So he's really a bad lawyer. There's no question that Kuhl filed pleadings in the name of Tariq, but he did not have authority to do so. There is nothing in the record to ever suggest that my client gave him authority, that he had authority, and the cases even support the fact that even if there is an indication that an attorney filed a pleading on behalf of the defendant, it is rebuttable in the absence of any evidence that there was authority applied or actual. But wasn't Tariq in court with Kuhl? He was not. He was there, I'm sorry, he did sign documents in his capacity as an officer of the corporation, as an officer of North America. So he was there. He was there in his capacity as an officer, no question about it. And he never told the court that this guy wasn't representing me, he was representing the corporation. And the guy filed papers on his behalf. He was there before the amendment. If you recall, the original case did not name him individually. There was an amended complaint that added him as an individual party. There is no evidence in the record to suggest that Mr. Tariq was ever in court after the amendment, after he was individually named. Well, isn't one of the theories behind this the requirement, the onus being put on the party claiming that they have a defense of personal jurisdiction to proceed with it, because otherwise it lulls the opponent into a sense of calmness. So here, had Tariq, had Kuhl done a job that a normal attorney would have done, he'd have filed a motion to quash the complaint because there's no personal jurisdiction in the case. Also, he could have gone down and got the process server to go to Rhode America and hand the summons over to Tariq. And they didn't do that because Kuhl didn't raise the issue. Why should we punish them for Kuhl not doing his job? Because Kuhl's actions are not imputable to Tariq in the absence of some evidence that Tariq either gave actual or implied authority. Under the Gray case, it's almost exactly our case. A lawyer, unbeknownst to Mrs. Cook, files a lawsuit in her name, has the case dismissed without her knowledge, goes through the entire lawsuit process. She never knows about it. How is it like here where he's the president of the corporation, he's signing documents relating to this case? I'd suggest it's completely different in the Gray case. Judge Quinn, he signed documents as an officer of the corporation. No question about that. He signed as a president of the court. He signed as an agent and an officer of the corporation. There is no document that anyone can point to in this case that was signed by Tariq that would indicate that he individually submitted to the jurisdiction of this court. There's nothing. But the burden is upon Tariq to say he wasn't amenable to the personal jurisdiction of the court. The burden is on an all-state to say, oh, by the way, we have personal jurisdiction over everybody. I don't disagree. I'm going to ask you to agree. But the burden is on Tariq to act with due diligence once he becomes aware or has knowledge of the fact that something has occurred in his individual capacity. The motion and the supporting affidavit indicates that as soon as he found out that there was a default, which happened to be seven months later, as soon as he found out that there was a default against him individually, he hired a new counsel, filed a 1401, and started this procedure. It would be against the very principles of Gray to suggest that Tariq has to have acted in some way to divest himself of personal jurisdiction when he had no knowledge of it. He didn't know that the case involved him personally, and he didn't know that Cole was acting to represent him in a personal capacity. There's nothing in the record to indicate that. And if you recall from the Appellee's brief, they go through a whole series of signatures and where his name appeared, supposedly appeared at a pretrial, all kinds of information which we rebutted one by one, each by each, to indicate. There's nothing that can be pointed to the record with all due respect. Anything else? Nope. Therefore, we would move that the judgment entered, the default judgment entered against Rhode America, Tariq al-Hindi, and Azzam al-Hindi be vacant. And you'll have some time for reply. Thank you. All state. Mr. Knight. Please, the Court. Neil McKnight again on behalf of Allstate Insurance Company. I think the starting point is the 214.01 petition, and that's what's being appealed from in this case. And I think there's no question with respect to what the issues are with respect to the 214.01 petition. One is they have to show the existence of a meritorious defense. They have to show due diligence in presenting the defense. And then they also have to show due diligence in presenting the 214.01 petition. And under the circumstances, if you look at what the petition was filed with the trial court, there's only one affidavit filed with the trial court, and that's the affidavit of Azzam al-Hindi. There's no affidavit from Rhode America, and there's no affidavit from Tariq al-Hindi. And a requirement of 214.01, in fact, the plain language of the statute says it must have an affidavit or other supporting documentation that is outside of the record of the trial court. And in this case, and the question that Justice Neville asked is particularly appropriate, what kept the petitioners from asserting these facts of a meritorious defense in their petition, as well as the facts with regard to whether or not they exercised due diligence in defending the case previously? And so if you look at the affidavit and the only affidavit that's submitted with respect to the 214.01 petition, there's no allegations. There's no assertions. There's no testimony that there are meritorious defenses of the case. It just simply isn't there. What's your case, though, that requires that in our Supreme Court, unfortunately, I think, but we have to follow what they say. In Paul v. Gerald Edelman, the 2006 case held that the underlying, that a party filing in 1401 does not need to show a meritorious defense or that they're likely to prevail in the underlying suit. And I unfortunately had to follow that case in 2007 where the meritorious defense, the underlying case, is simply not germane. And that's what Paul v. Edelman holds. It's the oddest thing, but it flies in the face of the statute, I think. But that's how they've read it, that it only applies. What has to be shown in this reading of the sentence, the essential facts, which in that case is the plaintiff who goofed up, which the plaintiff was required to plead and prove in connection with her petitions, are not those facts which would establish her entitlement to damages in the underlying actions, but those facts which would establish her entitlement to have the DWP orders vacated. So while I prefer your reading of 1401, because it doesn't make sense to me to send a case back for trial when they have no facts upon which to try the case, I'd suggest that Paul v. Edelman and its progeny say that we can't do that. But my point is it's not present in any of the affidavits. In fact, it's not present in Azzam al-Hindi's affidavits. There are no affidavits from Road America, and there's no affidavit from Turek al-Hindi. It's not part of the petition. So regardless of whether you want to consider this an issue of whether it's a meritorious defense of the underlying case or however we're going to interpret this as a meritorious defense with regard to the 1401 petition, they're not present in either circumstance, so it doesn't matter. So I think under those circumstances, on that point alone, they haven't met the burden. In addition, the due diligence requirement of the affidavits aren't present either. There's, again, no affidavit from Road America. There's no affidavit from Turek al-Hindi, and the affidavit, again, from Azzam al-Hindi doesn't mention his efforts prior to learning of the judgment. It doesn't mention anything at all. There's a date where a general appearance is made on behalf of Azzam al-Hindi and Road America, and there's nothing discussed about what happened during the period of time on behalf of Azzam al-Hindi or Road America from the date of the general appearance until the date of the judgment, and then from the period of time from the date of the judgment until the date they learn of the judgment. It's simply devoid of any facts. And so, again, with respect to the element of due diligence within the defense of the case below, there are no facts. And the petition on its face, and for those reasons alone, the petition was properly denied. And finally, the question about pursuing the due diligence of the 214-01 petition itself, again, there's no affidavit from Road America. The affidavit from Azzam al-Hindi is simply that when I learned of the judgment, I hired counsel, and then there's no affidavit from Turek al-Hindi. I think it's a fatal error that Turek al-Hindi has not even submitted an affidavit in support of his petition. That in and of itself voids out the possibility of the trial court granting the 14-01 petition. With respect to the issue of the appearance on behalf of Mr. Kuhl, on behalf of Turek al-Hindi, it's important to note that I think everyone's, not everyone, I shouldn't say everyone, but I think counsel for the appellants is glossing over the requirements of 301. And as they were changed in 2000, saying if you step forward and avail yourself of the jurisdiction of the court, then you've waived your jurisdictional defenses. And that's exactly what happened here. And their argument is – But he argues he only did it on behalf of the corporation. No, in fact, Justice Neville, there is a specific pleading that was filed. In fact, on April 30th of 2008, the amended complaint, an answer was filed on behalf of Road America. Within the body of that complaint, and in the caption of that complaint, Turek al-Hindi is named as an individual defendant and an officer of the corporation as well. Turek al-Hindi, on April 30th of 2008, verifies that complaint. And within the body of that complaint, he's got knowledge that he is named as an individual defendant, knowledge that he's being named because he's an officer engaged in the actions of the fraudulent conduct. On that same day, a motion to dismiss is filed by Mr. Kuhl on behalf of Azzam al-Hindi and Turek al-Hindi. Turek al-Hindi had specific knowledge because he verified the answer to the amended complaint on April 30th of 2008. And under those circumstances, and based upon the circumstances in totality of the entire handling of the case by Mr. Kuhl, and particularly when one considers the defenses that are asserted, because we have now two officers being represented by the attorney. When one officer hadn't been named before, that officer is added. And now the defenses are added with respect to the motion to dismiss. And essentially those defenses are, you are an officer of the corporation. You cannot be held liable for their actions. Under those circumstances and the other facts that were added as part of the record, meaning Mr. Kuhl had been retained by Mr. Turek al-Hindi before, the filing of motions to vacate defaults on behalf of Turek al-Hindi, the entries of orders by Mr. Kuhl with respect to the issues of Turek al-Hindi, and then ultimately the filing of the motion to dismiss, which I might add, the motion to dismiss was granted and another amended complaint was ultimately filed and that amended complaint was the basis for the judgment. So under the circumstances, the 214-01 petition that was filed is defective on its face. It lacks the factual support and the affidavit support that is required by the statute. Second, Turek al-Hindi availed himself of the jurisdiction of the trial court and sought a motion to dismiss and he was fully aware of the pending cause of action and he was fully aware that a cause of action had been brought against him and did nothing. He did nothing. And so under the circumstances, Judge Taylor's ruling in the trial court is entirely appropriate and it should be upheld. Thank you. Thank you. Mr. Smith, briefly. Thank you. There is no evidence of any personal jurisdiction on behalf of Tyreek. Under State Bank v. Zurich, even if we assume that Tyreek had actual knowledge of the lawsuit and that he had actual knowledge of his individual capacity in that lawsuit, it's not enough to confer personal jurisdiction on him. Again, under Gray, even if a lawyer files documents with defendant's name on it, if he's not authorized to do it, it's not enough to submit to jurisdiction. In this particular case, we do not have, nor can the defendants point to any document where there is either a general appearance or there is an authorization to his lawyer to represent him in an individual capacity. Without personal jurisdiction, there cannot be a judgment. What about that April 30th, 08 answer to the complaint? He filed it, signed it as president of the corporation. So Tyreek did sign the answer. Tyreek signed it as a president of the corporation. He's in a position where he's required to represent the corporation as an officer of the corporation in a legal document. So he does sign it, and he signs it absolutely correct, as an officer. The signing of an officer as a principal does not condone personal jurisdiction on Tyreek in and of himself, which is what happened here. Did you cite a case of the proposition where a corporation president signed an answer to a complaint and then said, I don't have personal service on me? We cited numerous cases in the appeal that indicate that an officer of the corporation should be able to sign his capacity as an officer without fear that that signature and representation as an officer somehow confers individual liability. Well, that's different than jurisdiction. Is it not? Well, not when we're talking about personal jurisdiction. No, it doesn't. The fact that he submits as an officer of the corporation. Personal jurisdiction equates to personal liability? Not individually. Not if he signs his capacity as an officer. Absolutely not. That's correct. It does not. But I'm suggesting that it's different, that when a corporation officer signs something, he can be subject to jurisdiction, even though he's not subject to personal liability. He can be subject to jurisdiction insofar as it relates to the corporation, not individually. Okay. Because if that were so, we would lose the corporate protection, the corporate veil, that individuals enjoy. The very purpose of setting up corporations is to create a wall against individuals. We're aware of what corporations are for, Mr. Smith. Okay. Yes, thank you. The verified answers of the second complaint that Your Honor has referred to was done in his corporate capacity as an officer. Defense counsel is right in that this panel should look at the totality of the actions by Tyreek in determining whether or not he submitted to his individual jurisdiction, and there's nothing to suggest anywhere that he did actually give that authorization. Again, we cited the cases. If you look at the beginning of a lawsuit, and this is what is applied also in determining statute of limitations, if a lawsuit is filed and no summons is placed with the sheriff and no summons are served on the defendant, the argument can be made even that case, in that situation, the statute of limitations have not been met, where you have a case where a case has just been filed by the date but no service of summons has been placed. Similarly here, it's not that there was a summons not served. It wasn't even issued. The power to set aside default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and furtherance of justice. The 214.01 petition is the tool to preserve the fairness to allow both parties to have their day in court. Thank you. Thank you for your arguments and your briefs. This case will be taken under advisement.